Douglas J. Dennington (State Bar No. 173447)
ddennington@rutan.com
John A. Ramirez (State Bar No. 184151)
jramirez@rutan.com
Peter J. Howell (State Bar No. 227636)
phowell@rutan.com
Kelsey E. Quist (State Bar No. 309876)
kquist@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiff
Apartment Association of Los Angeles County, Inc.,
dba Apartment Association of Greater Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., dba "APARTMENT ASSOCIATION OF GREATER LOS ANGELES," <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of Los Angeles; and CITY COUNCIL OF THE CITY OF LOS ANGELES, in its official capacity; DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 2:20-cv-05193-DDP-JEM <br><br> Judge:  *Hon. Dean D. Pregerson* <br><br> **PLAINTIFF'S OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO INTERVENE AS DEFENDANTS** <br><br> **Hearing:** <br> Date:  August 3, 2020 <br> Courtroom:  9C, 9th Floor <br> Judge:  Hon. Dean D. Pregerson <br><br> Date Action Filed: June 11, 2020 <br> Trial Date:          Not set |

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT .......................................................1

II.  BACKGROUND.....................................................................2

III. LEGAL STANDARD ................................................................3

IV.  ARGUMENT .........................................................................4

   A.   Proposed Intervenors Have Not Satisfied the Required
        Elements To Intervene As A Matter Of Right ......................4

   B.   This Court Has Broad Discretion To Deny Permissive
        Intervention Where Proposed Intervenors' Rights Are
        Adequately Represented ..............................................9

   C.   Allowing Proposed Intervenors To Intervene Would
        Complicate This Litigation And Open The Door To
        Countless Other Potential Third Party Intervenors,
        Including the Numerous Landlord Organizations And
        Tenant Groups Who Are Affected By Defendants'
        Ordinances..............................................................11

V.   CONCLUSION .....................................................................12

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

FEDERAL CASES

4

*Amoco Oil Co. v. Dingwell*,

5
  690 F.Supp. 78 (D. Maine 1988)............................................................4

6

*Arakaki v. Cayetano*,

7
  324 F.3d 1078 (9th Cir. 2003) ................................................1, 5, 6, 7

8

*Beckman Indus. Inc. v. International Ins.Co.*,

9
  966 F.2d 470 (9th Cir. 1992) ................................................................9

10

*Brookins v. South Bend Community School Corp.*,
  95 F.R.D. 407 (N.D. Ind. 1982)..........................................................11

11

12

*California ex rel. Lockyer v. United States*,
  450 F.3d 436 (9th Cir. 2006) ................................................................4

13

14

*Chiglo v. City of Preston*,
  104 F.3d 185 (8th Cir. 1997) ................................................................6

15

16

*Chiles v. Thornburgh*,
  865 F.2d 1197 (11th Cir. 1989)..........................................................10

17

18

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) ............................................................3, 5

19

20

*Com. of Va. v. Westinghouse Elec. Corp.*,
  542 F.2d 214 (4th Cir. 1976) ................................................................6

21

22

*EEOC v. United Airlines*,
  515 F.2d 946 (7th Cir. 1975) ..............................................................10

23

*Freedom from Religion Found, Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) ................................................................4

24

25

*Hoots v. Com. of Pa.*,
  672 F.2d 1133 (3d Cir. 1982) ..............................................................12

26

27

*Kleissler v. United States Forest Service*,
  157 F.3d 964 (3d Cir. 1998) ................................................................6

28

**Page(s)**

**FEDERAL CASES (CON'T.)**

*League of United Latin Am. Citizens v. Wilson,*
  131 F.3d 1297 (9th Cir. 1997) ............................................................. 6, 7

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,*
  732 F.2d 452 (5th Cir. 1984) ................................................................ 10

*Newby v. Enron Corp.,*
  443 F.3d 416 (5th Cir. 2006) .................................................................. 4

*Nuesse v. Camp,*
  385 F.2d 694 (D.C. Cir. 1967) .............................................................. 11

*Oakland Bulk v. Oversized Terminal, LLC v. City of Oakland,*
  960 F.3d 603 (9th Cir. 2020) ..................................................... 1, 7, 8, 9

*Olden v. Hagerstown Cash Register, Inc.,*
  619 F.2d 271 (3rd Cir. 1980) .................................................................. 5

*Perry v. Proposition 8 Official Proponents,*
  587 F.3d 947 (9th Cir. 2009) ................................................................ 10

*Prete v. Bradbury,*
  438 F.3d 949 (9th Cir. 2006.) .............................................................. 8, 9

*Public Service Co. of New Hampshire v. Patch,*
  136 F.3d 197 (1st Cir. 1998) .................................................................. 5

*Reich v. Webb,*
  336 F.2d 153 (9th Cir. 1964) .................................................................. 1

*Sierra Club v. EPA,*
  995 F.2d 1478 (9th Cir. 1993) ................................................................ 4

*South Dakota ex rel Barnett v. U.S. Dept. of Interior,*
  317 F.3d 783 (8th Cir. 2003) ................................................................ 10

*Stuart v. Huff,*
  706 F.3d 345 (4th Cir. 2013) ................................................................ 10

**Page(s)**

**FEDERAL CASES (CON'T.)**

*Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico*
    *Public Regulation Com'n,*
    787 F.3d 1068 (10th Cir. 2015) ........................................................................ 10

*U.S. v. British American Tobacco Australia Services, Ltd.,*
    437 F.3d 1235 (D.C. Cir. 2006)......................................................................... 3

*U.S. v. City of Los Angeles,*
    288 F.3d 391 (9th Cir. 2002) ............................................................................ 6

*United States v. South Bend Community School Corporation,*
    511 F.Supp. 1352 (N.D. Ind. 1981)................................................................ 10

**CALIFORNIA CASES**

*Birkenfeld v. Berkeley* (1976)
    17 Cal.3d 129.................................................................................................... 3

*Stone v. Center Trust Retail Properties, Inc.* (2008)
    163 Cal.App.4th 608......................................................................................... 3

**STATE STATUTES**

Civil Code
    section 789.3 ..................................................................................................... 2
    section 1940.2 ................................................................................................... 5
    section 1954(c) ................................................................................................. 5

Code of Civil Procedure
    section 1159 - 1179a......................................................................................... 2
    section 1161 ...................................................................................................... 5

**FEDERAL RULES**

Federal Rules of Civil Procedure
    rule 24 ........................................................................................................ 3, 12
    rule 24(a)........................................................................................................... 4
    rule 24(a)(2) .................................................................................................. 4, 5
    rule 24(b)(1)(B) .......................................................................................... 4, 10
    rule 24(b)(2)............................................................................................... 10, 11

# I.      SUMMARY OF ARGUMENT

Intervention is designed to accommodate two competing policies: "efficiently administering legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964). To allow Proposed Intervenors to intervene in this matter, as tenant groups affected by Defendants' Ordinances, would open the door to allowing any and all landlord and tenant groups in the whole of Los Angeles to intervene, where such groups are already adequately represented by the existing parties.  It would generate the very "unwieldy and prolonged" result intervention seeks to avoid.

Proposed Intervenors have not and cannot satisfy the required elements for intervention as a matter of right; nor have they shown good cause for permissive intervention.  Where an intended intervenor and a party in the action seek the same ultimate objective, a presumption arises that the intervenor's interests are adequately represented.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  Indeed, as recently reiterated by the Ninth Circuit, ***where a third party seeks to intervene on the side of a city that is defending its own ordinance, they are required to make a "very compelling showing"*** to overcome the "presumption" that their interests adequately represented by the city.  *Oakland Bulk v. Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020), emphasis added.

Here, Proposed Intervenors and Defendants have the same objective—upholding Defendants' Ordinances.  Proposed Intervenors' members are Defendants' direct constituents, and Proposed Intervenors have produced zero evidence suggesting that Defendants are unwilling or incapable of vigorously defending the Ordinances. Proposed Intervenors have failed to provide the requisite persuasive and compelling evidence to overcome the presumption that Defendants will adequately protect their interests.  In the absence of such evidence, Proposed Intervenors' Motion must be denied.

## II.    **BACKGROUND**

As detailed in Proposed Intervenors' own motion, the City enacted the Ordinances in an attempt to address the very harms Proposed Intervenors say they are concerned about, at the urging of interest groups like Proposed Intervenors and others. (Motion, at pp. 6-10.)  In directing the City Attorney to prepare the original eviction moratorium ordinance, the City Council emphasized the existing affordable housing crisis and the potential impact of the pandemic on low-wage workers.  (*See* Plaintiff's Request for Judicial Notice ("RJN"), Ex. 1.)  The City later amended the ordinance to expressly prohibit landlords from pressuring tenants to use government relief funds to pay rent and to provide tenants with a private right of action against tenants who violate the ordinance.  (*See* Plaintiff's RJN, Ex. 3 – April 7, 2020 Motion; Ex. 4 – April 28, 2020 City Attorney Report; Ex. 5 – Ordinance No. 186606.)  In sum, at every turn the City has shown itself to be aligned with the interests of Proposed Intervenors and has taken repeated action to provide new and stronger (albeit misguided) protections for tenants.

Notably, while Proposed Intervenors assert the Ordinances are critical to protect vulnerable tenants, they concede the Ordinances have been ineffective in doing so.  Proposed Intervenors' Motion discusses several instances of bullying and harassment by landlords, *e.g.*, a landlord who allegedly chained a tenant's door shut while she was at the store.  (Motion, at 9:13-24.)  Plaintiff agrees the types of actions described by Proposed Intervenors are reprehensible.  Importantly, however, such actions were already illegal before the Ordinances were adopted.  *See* Cal. Civ. Code § 789.3 [prohibiting landlords from, among other things, terminating utilities, locking a tenant out of their apartment, and/or removing a tenant's personal property].

Moreover, the Ordinances do not prevent such illegal attempts at self-help; to the contrary, they are unfortunately very likely to increase such activities.  As the California Supreme Court has explained, California's "summary repossession procedure (Code Civ. Proc., §§ 1159- 1179a) is intended to be a relatively simple and

speedy remedy that obviates any need for self-help by landlords." *Birkenfeld v. Berkeley* (1976) 17 Cal.3d 129, 151; *see also Stone v. Center Trust Retail Properties, Inc.* (2008) 163 Cal.App.4th 608, 613 ["Unlawful detainer actions substitute for a landlord's self-help to avoid, in part, the conflict and possible violence of a landlord trying on its own initiative to physically evict a defaulting tenant."].  Thus, by preventing landlords from utilizing the state-law prescribed remedy for non-payment of rent and other lease violations—without providing landlords with any replacement remedy or process—the Ordinances will undoubtedly lead to more, not less, conflict between landlords and tenants.

Plaintiff does not condone—and indeed strongly condemns—any landlord resorting to self-help.  But it is essential that landlords have a legal process available to deal with nonpayment, nuisance, and other lease violations.  The biggest problem with the Ordinances is that they prevent landlords from utilizing their normal remedies under State law, effectively leaving landlords with no remedies for an indefinite period of time (which has already lasted some four months).  Plaintiffs have thus brought this action challenging the Ordinances in order to restore landlords' legal remedies for nonpayment and other lease violations.

### III.  LEGAL STANDARD

The requirements for intervention are set forth in Rule 24 of the Federal Rules of Civil Procedure.  The burden is on the would-be intervenor to establish the grounds for intervention are satisfied.  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  Whether intervention is sought as a matter of right or merely as permissive, it can be granted only on timely motion.  *U.S. v. British American Tobacco Australia Services, Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006).

Intervention as a matter of right "shall be permitted" when: (1) a federal statute confers the unconditional right to intervene in the action, or (2) the applicant claims an interest which may, as a practical matter, be impaired or impeded by disposition

of the pending action, and that interest is not adequately represented by existing parties. *See* F.R.C.P. 24(a); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). In determining whether intervention as of right is appropriate, courts apply a four-part test: (1) the motion must be timely, (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action, (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) the applicant's interest must be inadequately represented by the parties to the action. *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993). The applicant bears the burden of showing that each of the four elements is met. *Freedom from Religion Found, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

Permissive intervention may be allowed in the court's discretion when: (1) a federal statute confers a conditional right to intervene, or (2) the applicant's claim or defense and the main action involve a common question of law or fact, and (3) allowing intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* Intervention of right under Rule 24(a)(2), unlike permissive intervention under Rule 24(b)(1)(B), makes the applicant's ability to protect his or her interests a criterion for intervention. *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). Even where a party meets the requirements for permissive intervention, the court has broad discretion in determining whether to grant intervention. *Amoco Oil Co. v. Dingwell*, 690 F.Supp. 78, 83-84 (D. Maine 1988).

## IV.   ARGUMENT

### A.   Proposed Intervenors Have Not Satisfied the Required Elements To Intervene As A Matter Of Right.

Proposed Intervenors' arguments that they have a protectable interest in this litigation and that a judgment invalidating the Ordinances would impair that interest are based on rampant speculation regarding what would happen if the Ordinances

1   were not in place.  Plaintiff's members and other landlords have every incentive to

2   work with otherwise reliable tenants who are temporarily unable to pay their rent due

3   to the pandemic.  Landlords do not want to lose tenants and create vacancies that will

4   be difficult to fill during a major economic downturn.   Indeed, the "en masse"

5   evictions that Proposed Intervenors predict would result if the Ordinances were not in

6   place (Motion, at 18:16-18) would severely damage the rental market and hurt, not

7   help, Plaintiff's members.  Proposed Intervenors also ignore the numerous tenant

8   protections provided under State law, including the unlawful detainer statutes, which

9   regulate evictions and ensure tenants their day in court to oppose any unfair or

10  improper attempt to evict them.  *See* C.C.P. § 1161 et seq.; Cal. Civ. Code § 1954(c)

11  ["landlord may not abuse the right of access or use it to harass the tenant"]; Cal. Civ.

12  Code § 1940.2 ["A landlord who commits a significant and intentional violation of

13  Cal. Civ. Code § 1954 for the purpose of "influencing a tenant to vacate" his or her

14  dwelling is liable to the tenant for a civil penalty of up to $2,000 for each violation."]

15      But even assuming *arguendo* that Proposed Intervenors could satisfy the first

16  three prongs required to intervene as a matter of right, they clearly cannot demonstrate

17  that the City is incapable of inadequately representing their interests.  *See* F.R.C.P.

18  24(a)(2).  Whether an intervenor's rights are already adequately represented in the

19  action is a question of federal law. *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d

20  271, 273-274 (3rd Cir. 1980); see also *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th

21  Cir. 2003) [setting forth factors to be considered].

22      The adequacy of interest requirement is more than a paper tiger. *Public Service*

23  *Co. of New Hampshire v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998).  It is up to the

24  party that seeks to intervene as of right to produce some tangible basis to support a

25  claim of purported inadequacy. *Id.*  Moreover, where the would-be intervenor and an

26  existing party have the same "ultimate objective," a presumption of adequate

27  representation arises, and a "compelling showing" is required to rebut that

28  presumption. *Citizens for Balanced Use v. Montana Wilderness Ass'n, supra,*

647 F.3d at 898.   "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion or nonfeasance on the part of the party to the suit." *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

      ***Importantly, a government entity is presumed to represent the interests of its citizens.*** *Arakaki, supra,* 324 F.3d at 1086.  Therefore, when the would-be intervenor shares the same interest as a government entity—*e.g*., upholding an ordinance or regulation adopted by the entity—it will also be presumed that the government entity adequately represents the intervenor absent a "***very compelling*** showing to the contrary." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (emphasis added); *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997) ["strong showing" required if government is party and interests asserted are within realm of "sovereign interests"]; *Kleissler v. United States Forest Service*, 157 F.3d 964, 972 (3d Cir. 1998) [strong showing required if proposed intervenor's concerns "closely parallel those of the public agency."].   Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.  *U.S. v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002).

      For example, in *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997), the plaintiff brought a lawsuit challenging California's Proposition 187, which had been enacted by the voters.  *Id.* at 1301.  A public interest group brought a motion to intervene as of right, claiming – as Proposed Intervenors do here – that it participated in the drafting and sponsorship of the proposition and desired to intervene in support of its defense.  *Id.* at 1301.  The district court denied the motion, and the Ninth Circuit affirmed.  The Ninth Circuit ultimately held the intervenor-applicant's interests were adequately represented by the state defendants and affirmed the denial of the motion to intervene.  *Id.*  Given that the proposed intervenor's "ultimate objective" (*i.e.*, to ensure that Prop 187 was upheld and constitutional on the merits) was identical to that of the state defendants, the Ninth Circuit concluded,

1   "the undisputed facts of this case do not even begin to rebut the presumption of

2   adequacy . . . on the contrary, they bear it out."  As such, there was "simply no reason

3   to believe that Governor Wilson and Attorney General Lungren cannot be counted on

4   to argue vehemently in favor of the constitutionality of Prop 187." *Id.* at 1306.

5          Similarly, in *Oakland Bulk v. Oversized Terminal, LLC v. City of Oakland*

6   *("Oakland Bulk")*, 960 F.3d 603, 620 (9th Cir. 2020), environmental groups (*i.e.*, the

7   Sierra Club and San Francisco Baykeeper) argued that they were entitled to intervene

8   in an action challenging a city ordinance that barred the transport of coal through a

9   commercial terminal. *Id.* at 607.  In analyzing the issue, the Ninth Circuit emphasized

10  that to establish inadequate representation, the intervenors in *Oakland Bulk* needed to

11  make a "very compelling showing" because: (1) a governmental entity (Oakland) was

12  already acting on behalf of their interests in the action; and (2) intervenors and

13  Oakland shared the same ultimate objective of upholding the Ordinance and

14  Resolution. *Id.*; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)

15  [a "very compelling showing" is required to rebut a "presumption of adequacy" when

16  "the government is acting on behalf of a constituency it represents" or when the

17  applicant and existing party "have the same ultimate objective."].

18         The intervenors in *Oakland Bulk* advanced several arguments in support of an

19  alleged inadequate representation, including arguments indistinguishable from those

20  made by Proposed Intervenors here.  The Ninth Circuit rejected all such arguments.

21         For example, the Court held that the mere fact that the intervenors had a

22  narrower focus than the City—*i.e.*, "a focus on health, safety and environmental

23  protections, as opposed to Oakland's broader concerns that included such matters as

24  the City's finances and its contractual relationship[s]"—was "insufficient" to rebut

25  the presumption of adequacy. *Oakland Bulk, supra,* at 620.  Rather, a party seeking

26  to intervene "must proffer sufficient evidence to show that government will take an

27  undesirable legal position." *Id.* ["Intervenors failed to offer persuasive evidence, at

28  the time of their motion to intervene, that Oakland's broader interests would lead it to

1   stake out an undesirable legal position. The presumption of adequacy thus remained
2   intact."]*, citing* Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006.)  Second, the
3   Court rejected the argument that the city was neither positioned nor willing to make
4   all of intervenors' arguments, finding such argument was unsupported by the record.
5   *Id.* Finally, the Court rejected intervenors' argument that their expertise in
6   environmental issues warranted intervention of right, finding that a city's lack of
7   specialized knowledge is insufficient to rebut the presumption of adequacy absent an
8   "evidentiary showing that the government could not obtain that knowledge through
9   discovery or experts." *Id.* at 621, citing *Prete, supra,* 438 F.3d at 958-59.

10   Proposed Intervenors here advance the same arguments that were rejected in
11   *Oakland Bulk.*  For example, Proposed Intervenors argue that because the City, the
12   Mayor, and the City Council "work on behalf of all Los Angeles residents," and must
13   "balance multiple interests," they cannot adequately represent Los Angeles's most
14   vulnerable tenants. (Motion, at 19:20-27.)  This argument makes even less sense than
15   that advanced by the intervenors in *Oakland Bulk*, as the tenants Proposed Intervenors
16   represent are all constituents of Defendants and are the very constituency that the
17   Ordinances were designed to protect.  Proposed Intervenors have failed to supply this
18   Court with *any* evidence—as necessary to meet their burden—that the City's
19   allegedly broader interests will cause it to take a legal position inconsistent with
20   Proposed Intervenors' interests.  *Oakland Bulk, supra,* at 620.

21   Moreover, Proposed Intervenors' claim that its interests will not be adequately
22   represented due to Defendants' interest "in reducing time and costs" likewise fails.
23   (Motion, at 19:27-28.)   As the Ninth Circuit recognized in *Prete*, "virtually all
24   governments face budget constraints generally, and if such a basis were sufficient to
25   establish inadequate representation, it would eliminate the presumption of adequate
26   representation when the government and intervenor-applicant share the same
27   interest." *Prete, surpa,* 438 F.3d at 957.  The Ninth Circuit further emphasized in
28   *Prete* "there is no evidence in the record that defendant is unable to mount an effective

1   defense . . . due to 'budget constraints.'" *Id.*  Likewise, here, Proposed Intervenors
2   have failed to offer any evidence that the City does not intend to vigorously defend
3   its Ordinances.

4       Proposed Intervenors also argue that "Defendants lack the information to be
5   able to make Proposed Intervenors' arguments" and Proposed Intervenors "offer
6   necessary elements . . . as they have facts and evidence that Defendants do not."
7   (Motion, at 19:17-20; 20:3-4.)  Again, this argument is even weaker than that rejected
8   in *Oakland Bulk*, as Proposed Intervenors have made no attempt to show that the City
9   is incapable of acquiring the knowledge Proposed Intervenors claim to possess
10  "through discovery or experts." *Id.* at 621.

11      In sum, Proposed Intervenors have the very same objective as Defendants City
12  and County of Los Angeles, *i.e.*, to uphold the Ordinances at issue in this case.
13  Proposed Intervenors have entirely failed to produce evidence to overcome the
14  presumption that the City will adequately represent their interests in defending the
15  City's own Ordinances.  Accordingly, Proposed Intervenors' request for intervention
16  as a matter of right must be denied.

17      **B.**    **This Court Has Broad Discretion To Deny Permissive Intervention**
18          **Where Proposed Intervenors' Rights Are Adequately Represented.**

19      Permissive intervention is a two-stage process.  First, the district court must
20  decide whether one of the grounds for such intervention exists.  If this threshold
21  requirement is met, the court must then exercise its discretion in deciding whether
22  intervention should be allowed.  Whether sufficient grounds for such permissive
23  intervention exist is a question of law.  Thus, an appellate court is not bound by the
24  trial court's determination of whether there is a "common question of fact or law."
25  *Beckman Indus. Inc. v. International Ins.Co.*, 966 F.2d 470, 472 (9th Cir. 1992).  If
26  intervention is not otherwise a matter of right, a court may permit intervention *only*
27  on one of the following grounds: (1) conditional statutory right, (2) governmental
28  regulators, (3) media access to judicial records, or (4) common question of law or fact.

1  F.R.C.P. 24(b)(1)(B).

2      The test for permissive intervention under Rule 24(b)(2) often involves an even

3  stricter application of the standards than intervention as of right. *EEOC v. United*

4  *Airlines*, 515 F.2d 946, 949 (7th Cir. 1975); *see also United States v. South Bend*

5  *Community School Corporation*, 511 F.Supp. 1352, 1357 (N.D. Ind. 1981).

6  Permissive intervention is not as appropriate if the applicant's interests are adequately

7  represented by existing parties. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line*

8  *Co.*, 732 F.2d 452, 472 (5th Cir. 1984).  The district court may also consider whether

9  any additional legal argument the potential permissive intervenor wishes to make

10  "could adequately be presented in amicus briefs." *Stuart v. Huff*, 706 F.3d 345, 355

11  (4th Cir. 2013).  The court may also consider such matters as: (1) the nature and extent

12  of the would-be intervenors' interests, (2) the legal position they seek to advance, and

13  its probable relation to the merits of the case, (3) whether intervention will prolong or

14  unduly delay the litigation, and (4) whether the intervenors' interests are adequately

15  represented by other parties. *Perry v. Proposition 8 Official Proponents*, 587 F.3d

16  947, 955 (9th Cir. 2009).

17      Moreover, a district court has broad discretion to deny permissive intervention,

18  even if the application to intervene is timely and even if intervenor's claim or defense

19  and main of underlying cause have common question of fact. *Chiles v. Thornburgh*,

20  865 F.2d 1197, 1213 (11th Cir. 1989); *see, e.g.*, *South Dakota ex rel Barnett v. U.S.*

21  *Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) [upholding district court's

22  decision to deny intervention by a tribe seeking to intervene a state's suit to prevent

23  the United States from placing a certain parcel of land into a trust on behalf of the

24  tribe, on grounds that the tribe's interests were adequately protected]; *Tri-State*

25  *Generation and Transmission Ass'n, Inc. v. New Mexico Public Regulation Com'n*,

26  787 F.3d 1068, 1075 (10th Cir. 2015) [denying intervention where proposed

27  intervenor's interests were identical to those of existing party, in order to prevent

28  duplicative discovery].

1    As discussed above, Proposed Intervenors' interests are adequately represented

2 by the City's and County's defense of its own Ordinances.  They share the very same

3 goal and objective as the existing Defendants in this action—*i.e.* to uphold the

4 Ordinances.  Proposed Intervenors' have presented no evidence to suggest otherwise,

5 thus, there is no good reason for the Court to allow permissive intervention here.

6    **C.    Allowing Proposed Intervenors To Intervene Would Complicate this**

7    **Litigation and Open the Door To Countless Other Potential Third**

8    **Party Intervenors, Including the Numerous Landlord Organizations**

9    **And Tenant Groups Who Are Affected By Defendants' Ordinances.**

10    Allowing Proposed Intervenors—who by their own admission are three

11 separate interest groups that collectively represent thousands of members—to join this

12 action can only serve to complicate and prolong this litigation.  Given Proposed

13 Intervenors' inability to show their interests are not already adequately represented,

14 that is reason enough to deny their motion.  *Brookins v. South Bend Community*

15 *School Corp.*, 95 F.R.D. 407, 411 (N.D. Ind. 1982) ["Rule 24(b)(2) requires the court

16 to exercise its discretion in light of potential delay and prejudice to the existing

17 parties."].

18    Permissive intervention may also be denied to avoid the likelihood of undue

19 delay. *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967).  Given the nature of this

20 proceeding, there is no shortage of individuals – tenants and landlords alike – who

21 desire to participate and have a vested interest in the outcome.  This litigation has

22 already triggered widespread media coverage that is increasing by the day.[1]  If this

23 Court opens the door to Proposed Intervenors – who were admittedly contemplated

24 in the City's and County's drafting of its own Ordinances and are thus adequately

25 represented – then any similarly situated landlord or tenant group throughout the

26 whole of Los Angeles will have equal grounds to intervene, leading to even more

27

28 [1]   There have been at least 15 news outlets to date that have published articles on this litigation. A representative few of these articles are attached to Plaintiff's RJN, at Exs. 7-9.

PLAINTIFF'S OPPOSITION TO
INTERVENOR-DEFENDANTS' MOTION TO
INTERVENE AS DEFENDANTS

delay and complication.  That is clearly not what is intended by Rule 24.  Where the interests of an applicant for intervention in every manner match those of the existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that applicant's contributions to proceedings would be superfluous and that any resulting delay would be "undue." *Hoots v. Com. of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982).

Accordingly, to the extent the Court finds that Proposed Intervenors have satisfied the requirements for permissive intervention, intervention should still be denied to avoid the unnecessary complication that would result from the three current Proposed Intervenors, as well as the numerous other potential intervenors—on both sides of the issue—that have an interest in this proceeding.

## V.   **CONCLUSION**

Proposed Intervenors have offered no evidence to show Defendants cannot or will not adequately represent the interests of its constituents – especially those that are especially vulnerable to eviction.  To the contrary, Defendants are fully capable of defending their own Ordinances.

For the foregoing reasons, Plaintiff Apartment Association of Greater Los Angeles respectfully requests that the Court deny the Proposed Intervenors' Motion to Intervene.


Dated: <u>July 13, 2020</u>                    RUTAN & TUCKER, LLP
                                               DOUGLAS J. DENNINGTON
                                               JOHN A. RAMIREZ
                                               PETER J. HOWELL
                                               KELSEY E. QUIST


                                               By: _____/s/ Douglas J. Dennington_____
                                                   Douglas J. Dennington
                                                   Attorneys for Plaintiff
                                                   APARTMENT ASSOCIATION OF
                                                   LOS ANGELES COUNTY, dba
                                                   APARTMENT ASSOCIATION OF
                                                   GREATER LOS ANGELES

PLAINTIFF'S OPPOSITION TO
INTERVENOR-DEFENDANTS' MOTION TO
INTERVENE AS DEFENDANTS