O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., | ) ) ) | Case No. CV 20-05193 DDP (JEMx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO INTERVENE AS DEFENDANTS** |
| v. | ) ) | |
| CITY OF LOS ANGELES, ET AL., | ) ) | [Dkt. 13] |
| Defendants. | ) | |

Presently before the court is a motion to intervene as defendants filed by two tenant advocacy organizations, The Alliance of Californians for Community Empowerment Action ("ACCE") and Strategic Actions for a Just Economy("SAJE") (collectively, "Proposed Intervenors.") Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.  Background**

The Apartment Association of Greater Los Angeles ("Plaintiff") represents and provides advocacy services for rental property owners throughout Southern California. On June 11, 2020, Plaintiff filed this action against the City of Los Angeles, Mayor Eric

Garcetti, and the Los Angeles City Council (collectively, "Defendants" or "the City"), challenging the City's implementation of Ordinance No. 186585 ("Eviction Moratorium") and Ordinance No. 186607 ("Rent Freeze Ordinance") (collectively, "the Ordinances""). (Compl. 2.)

On March 27, 2020, the Los Angeles City Council enacted the Eviction Moratorium in response to the ongoing economic crisis caused by the COVID-19 pandemic,. (Dkt. 16-5, Eviction Moratorium, Ex. 5.) The Eviction Moratorium temporarily prohibits evictions of residential and commercial tenants for failure to pay rent due to COVID-19 and prohibits no-fault evictions of residential tenants if the tenant or any member of the household is ill, in isolation, or under quarantine due to COVID-19. (Id.) Subsequently, on March 30, 2020, Mayor Eric Garcetti enacted the Rent Freeze Ordinance. The Rent Freeze Ordinance prohibits owners from increasing rent on occupied rental units for one year after the end of the local emergency period. (Dkt. 16-6, Rent Freeze Ordinance, Ex. 6.) The Rent Freeze Ordinance applies only to properties that are subject to the City's rent control provisions. (Id.) The local emergency period is defined as spanning from March 4, 2020 to the end of the local emergency as declared by the Mayor. (Id.)

Plaintiff alleges that the Ordinances violate the Contract Clause of the United States Constitution, the Takings Clause of the United States Constitution, and Plaintiff's due process rights. (Compl. 10.) Plaintiff seeks injunctive and declaratory relief to nullify the Ordinances. (Compl. at 35.) The City has not yet responded to Plaintiff's complaint.

Proposed Intervenors seek to intervene as Defendants in this case. Proposed Intervenors are member-led tenant advocacy non-profit organizations in Los Angeles that work primarily with low-income tenants. Proposed Intervenors offer, for example, pro bono legal services to tenants fighting evictions, and advocate for tenant protection policies and affordable housing. (Dkt. 13-1, 13-2.) Proposed Intervenors seek intervention in this case to advocate for the interests of their members and those Los Angeles tenants who, Proposed Intervenors assert, will be disproportionately impacted by the invalidation of the Ordinances. (Mot. at 14.) The City Defendants do not oppose the motion. Plaintiff, however, does oppose the motion to intervene.

**II.  Legal Standard**

Under Federal Rule of Civil Procedure 24, a court must allow intervention by any movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). An applicant meets these criteria, and may intervene as of right, if (1) the motion is timely; (2) the applicant has a "significant protectable" interest relating to the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action. California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006).

When evaluating these requirements, courts are guided by "practical and equitable considerations," and generally construe the Rule to apply "broadly in favor of proposed intervenors." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)) (internal quotation omitted).

Alternatively, when an intervenor cannot satisfy the four-part test for intervention as of right, courts may allow anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B).

**III. Discussion**

Of the factors relevant to intervention as of right, Plaintiff disputes the first and the fourth. That is, Plaintiff disputes (1) whether the Proposed Intervenors have a significant protectable interest and (2) the adequacy of representation by the parties to the action.

    A.  Significant Protectable Interest

The interest Proposed Intervenors assert here is tenants' "legally protected property interest in remaining in their homes." (Motion at 17:24-25.) As an initial matter, Plaintiff appears to characterize the interest at stake somewhat differently. Plaintiff's only argument with respect to Proposed Intervenor's significant protectable interest is that it is unclear whether the repeal of the Ordinances will actually result in "en masse evictions." Indeed, Plaintiff appears to suggest that its interests are actually aligned with those of the Proposed Intervenors because "landlords have every incentive to work with

4

otherwise reliable tenants" and "do not want to lose tenants and create vacancies that will be difficult to fill during a major economic downturn."  (Opp. at 10:1-4.)

Implicit in these arguments is the assumption that the interest advanced by Proposed Intervenors' is tenants' interest in being allowed to remain in their homes.  Although the difference between that interest and the interest put forth by Proposed Intervenors is subtle, it is significant.  Proposed Intervenors do not assert that tenants have an interest in some sort of informal accommodation from landlords, whether as a matter of grace, charity, or economic calculation.  Rather, Proposed Intervenors lay claim to a legally protected property interest in remaining in their homes, along with a means of enforcing those rights.  Plaintiff cannot plausibly contend to share such an interest.

Furthermore, even if Proposed Intervenors did seek to vindicate the more utilitarian, practical interest suggested by Plaintiff, their fear that large numbers of low-income tenants will, in the absence of the Ordinances, face eviction would hardly be the product of "rampant speculation" in the context of a widespread, ongoing pandemic and historic decreases in employment and economic activity.  Indeed, Plaintiff's suggestion that landlords and tenants will come to an understanding that avoids significant numbers of evictions appears to be the far less likely of the two proposed scenarios.  In any event, this Court must accept Proposed Intervenors' allegations as true at this stage of proceedings, particularly where no discovery has yet taken place. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).  Proposed Intervenors have therefore adequately

5

demonstrated a significant protectable interest relating to the Ordinances.

B. Adequacy of Representation

In determining whether a proposed intervenor's interests are already adequately represented by a party to a suit, courts look to whether (1) the applicant's interests are so aligned with those of the existing party that the applicant's legal arguments will "undoubtedly" be made, (2) the present party is willing and able to make those arguments, and (3) the intervenor would "add some necessary element to the proceedings which would not be covered by the parties in the suit." Blake v. Pallan, 554 F.2d 947, 955 (9th Cir. 1977). "The most important factor in determining the adequacy of representation is how the interest [of the proposed intervenor] compares with the interests of existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).

Plaintiff contends that the City shares Proposed Intervenors' ultimate objectives, and is capable of adequately representing Proposed Intervenors' interests. Plaintiff is correct that, absent a "very compelling showing to the contrary," a government is presumed to be adequately representing its constituency, "when the applicant shares the same interest." Id. At this stage, however, there is no indication that the City will "undoubtedly" make the same arguments Proposed Intervenors wish to put forth, or indeed that the City even has access to the information that would underpin those arguments, which will likely center on the experiences of particularly vulnerable tenants whose perspectives are, for a variety of reasons, not necessarily well-represented at the city level. Indeed, the City has yet to answer the Complaint,

6

and it is unclear whether the City will ultimately defend some or all of the Ordinances or their constituent parts. Furthermore, Proposed Intervenors have introduced some evidence that, although it is possible that the City shares the immediate objective of defending the Ordinances, the City's ultimate interest is in balancing a variety of competing concerns, some of which, *including those of Plaintiff*, may directly conflict with Proposed Intervenors' interests.[1] (Declaration of Cynthia Strathman ¶ 8.) Accordingly, Proposed Intervenors' have adequately demonstrated that their interests are not adequately represented by either party.

Having concluded that Proposed Intervenors do have a significant protectable interest at stake, that the City does not undoubtedly represent that interest, and that the other relevant factors are met, the court concludes that Proposed Intervenors are entitled to intervene in this action as of right. Even if that were not the case, however, this Court enjoys broad discretion to grant permissive intervention. Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977). For the same reasons discussed above, this Court would, in the absence of a right to intervene, grant Proposed Intervenors permission to intervene as defendants in this case.

**IV. Conclusion**

---

[1] The circumstances here are therefore distinguishable from those in Oakland Bulk & Oversized Terminal, LLC v. City of Oakland, 960 F.3d 603, 620 (9th Cir. 2020), where there was no evidence that a balancing of the interests at stake would lead the city to take a position adverse to the interests of the proposed intervenors.

7

     For the reasons stated above, Proposed Intervenors' Motion to Intervene is GRANTED.

IT IS SO ORDERED.

Dated: August 5, 2020

DEAN D. PREGERSON
United States District Judge

8