Douglas J. Dennington (State Bar No. 173447)
ddennington@rutan.com
John A. Ramirez (State Bar No. 184151)
jramirez@rutan.com
Peter J. Howell (State Bar No. 227636)
phowell@rutan.com
Kelsey Quist (State Bar No. 309876)
kquist@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., dba "APARTMENT ASSOCIATION OF GREATER LOS ANGELES,"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., dba "APARTMENT ASSOCIATION OF GREATER LOS ANGELES,",

Plaintiff,

vs.

CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of Los Angeles; and CITY COUNCIL OF THE CITY OF LOS ANGELES, in its official capacity; DOES 1 through 25, inclusive, ,

Defendant;

ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION and STRATEGIC ACTIONS FOR A JUST ECONOMY,

Intervenor-Defendants.

Case No. 2:20-cv-05193-DDP-JEM

*Judge: Hon. Dean D. Pregerson*
Dept: 9C

**PLAINTIFF'S OBJECTIONS TO INTERVENOR-DEFENDANTS' OPPOSITION EVIDENCE**

Date: October 26, 2020
Time: 10:00 a.m.
Ctrm: 9C

Date Action Filed: June 11, 2020
Trial Date: Not Set

Plaintiff Apartment Association of Los Angeles County, Inc. dba "Apartment Association of Greater Los Angeles" ("Plaintiff" or "AAGLA") submits the following objections to various declarations filed by Intervenor-Defendants Alliance of Californians for Community Empowerment Action and Strategic Actions for a Just Economy ("Intervenor-Defendants" or "Alliance") submitted in Opposition to Plaintiff's Motion for Preliminary Injunction. The declarations are objectionable for several reasons outlined below, as they explicitly violate the Federal Rules of Evidence and should therefore be disregarded.

## I. VARIOUS PORTIONS OF THE EXPERT DECLARATIONS OF PROFESSOR EMILY BENFER, DR. RANIT MISHORI AND DR. SAM TSEMBERIS ARE INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

Plaintiff hereby objects to the Declarations of Professor Emily Benfer, Dr. Ranit Mishori, and Dr. Sam Tsemberis (collectively "Expert Declarations") because their testimony is not relevant to the issues in this case, lacks foundation, and fails to address the likelihood of evictions in light of recent statewide (AB 3088) and federal laws (CDC's Order Re: Evictions). "[T]he opportunity to present evidence is not unfettered - a district court's resolution of evidentiary questions is constrained by the twin prongs of relevancy and materiality, and guided by the established rules of evidence and procedure." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1121 (10th Cir.), *cert. denied*, 594 U.S. 968 (2006). It is the proponents' burden to establish the relevance and reliability of their experts' testimony under Federal Rule of Evidence 702 based on a preponderance of evidence standard. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 n.10 (1993). Intervenor-Defendants have not met this burden. Consequently, the proposed expert testimony should be excluded under both Federal Rules of Evidence 702 and 403.

Even were the Court to consider the alleged "Expert" Declarations, portions of them are inadmissible and should be disregarded. Evidence submitted to the Court

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-2-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181–82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. v. Telstar Consrt. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007). Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment). The Expert Declarations fail to meet one or more of these criteria, as set forth below.

**DECLARATION OF DR. RANIT MISHORI**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Mishori Decl. ¶ 5** | **Fed. R. Evid. 602, 702, 802, 901(a)**: Speculation. Improper Expert Opinion. Hearsay. Lack of Foundation. Lack of Authentication. Declarant provides only speculation as to potential outcomes. The statements are argumentative, speculative, lack foundation, are not within the declarant's personal knowledge, and are | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-3-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | improper opinion testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). | |
| **2.** | **Mishori Decl. ¶ 7.** | **Fed. R. Evid. 602, 702, 802, 901(a)**: Speculation. Improper Expert Opinion. Hearsay. Lack of Foundation. Lack of Authentication. Declarant provides only speculation as to potential outcomes (e.g., "[I]t remains my opinion . . . that any scaling back of protections against evictions and rent increases will lead to new cases of COVID-19, and will result in unavoidable illness and even death."). The statements are argumentative, speculative, lack foundation, are not within the declarant's personal knowledge, and are improper opinion testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). | Sustained: ____<br>Overruled: ____ |

**DECLARATIONS OF DR. SAM TSEMBERIS AND PROF. EMILY BENFER**

Plaintiff objects to the entirety of the Declarations of Dr. Sam Tsemberis ("Tsemberis Declaration") and Professor Emily Benfer ("Benfer Declarations") as both declarations fail to address the state and federal eviction laws which provide significant relief to tenants. This is a fundamental flaw as both the City and Intervenor-Defendants acknowledge in their Oppositions that "whether or not the

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-4-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

City's Ordinances are enjoined, landlords cannot evict tenants for nonpayment of rent if they declare COVID-19-related need through at least January 31, 2021" (Intervenors' Opposition, at 14:17-20), and "the Bill (AB 3088) exceeds or overlaps with the City's law in the following ways that would prevent certain evictions from going forward" (City's Opposition, at 7:11-12). Despite these allegations, these state and federal eviction protections are not factored into either the Tsemberis or Benfer Declarations. For this reason, the declarations are speculative and lack foundation. *See* Fed. R. Evid. 602, 901(a).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 permits testimony only by experts qualified by "knowledge, skill, expertise, training, or education," to testify "in the form of an opinion or otherwise" based on "scientific, technical, or other specialized knowledge" if that testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "In evaluating the admissibility of expert testimony, trial courts are guided by a trilogy of Supreme Court cases: *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 . . . (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 . . . (1999); and *General Electric Co. v. Joiner*, 522 U.S. 136 . . . (1997). Together these cases clarify the district court's gatekeeper role under Federal Rule of Evidence 702." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006), *cert. denied*, 549 U.S. 968 (2006).

In *Daubert*, the Supreme Court held that prior to the admission of expert testimony, the trial court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The burden is on the proponent of the expert testimony to establish the admissibility of the testimony under Rule 702 based on a preponderance of the evidence. *See id.* at 593 n.10. In *Kumho Tire*, the Supreme Court "conclude[d] that *Daubert's* general holding - setting forth the trial judge's general 'gatekeeping' obligation - applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-5-

Case No.  2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

specialized' knowledge." *Kumho Tire*, 526 U.S. at 141. Finally, *General Electric* set forth an abuse of discretion standard in reviewing the decision of a district court to exclude or admit expert testimony. *See General Electric*, 522 U.S. at 146.

"The objective of the [gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony." *Kumho Tire*, 526 U.S. at 152. "The Supreme Court has held that Rule 702 imposes a special obligation upon a trial judge to ensure that all expert testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable." *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (citing *Kumho Tire*, 526 U.S. at 147) (emphasis added). Thus, the testimony of an expert, even if found to be reliable under *Daubert*, must be excluded if the proposed testimony is not relevant to an issue in the case.

While the district court is required to exercise the gatekeeper function, it retains broad discretion in deciding how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability. *Rodriguez-Felix*, 450 F.3d at 1123 (upholding district court's exclusion of expert testimony that did not meet *Daubert's* reliability standards) (internal quotations omitted). However, despite this broad discretion, "a district court, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel v. Denver & Rio Grande W.R.R.*, 215 F.3d 1083, 1088 (10th Cir. 2000).

To date, Intervenor-Defendants have not proffered sufficient information to meet their burden to show admissibility of their experts' opinions. Furthermore, this testimony will not be helpful to the trier of fact and will only serve to confuse the issues and mislead the jury, since the analyses and conclusions fail to include the state and federal eviction protections afforded tenants. Consequently, it is the Plaintiff's position that this proffered testimony should be excluded under Rule 702 and Rule 403.

Rutan & Tucker, LLP
*attorneys at law*

2943/036254-0001
15634533.2 a10/12/20

-6-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

## II. VARIOUS PORTIONS OF THE NON-EXPERT DECLARATIONS FILED BY INTERVENOR-DEFENDANTS ARE INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. *See Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403; *McCormick v. City of Lawrence, Kan.*, 2007 WL 38400, at *3 (D. Kan. Jan. 5, 2007). Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment). The declarations below fail to meet one or more of these criteria.

### DECLARATION OF CYNTHIA STRATHMANN

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1. | **Strathmann Decl. ¶ 4** ("The median annual household income in South Central is about $41,000, but many of our community members make closer to $20,000 per year. The vast | **Fed. R. Evid. 602, 701, 802, 901(a), 1002**: Speculation. Improper Lay Opinion. Hearsay. Lack of Foundation. Lack of Authentication. Best | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-7-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | majority of our community members are rent burdened, meaning they pay more than 30% of their income toward rent. Even a little hit to their income or increase in expenses severely affects their economic stability.”) | Evidence. Declarant’s lay testimony is an opinion lacking technical or specialized knowledge as to income valuation. This evidence is also speculative and lacks foundation because declarant cites no meaningful, reliable authority to establish the income values and percentages she offers. Nor does she provide any documentation supporting the figures she asserts. Presumably, these numbers were told to her by tenants, which is inadmissible hearsay as an out of court statement offered for the truth of the matter asserted. | |
| **2.** | **Strathmann Decl. ¶ 8** (“In total, around 650 letters have been sent by LA tenants using the templates on the websites.”) | **Fed. R. Evid. 802, 901(a), 1002**: Hearsay. Lack of Foundation. Lack of Authentication. Best Evidence. Declarant references “letters” which are out of court statements and inadmissible hearsay. Declarant also fails to attach these letters or | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-8-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF’S OBJECTIONS TO DEFENDANTS’ EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | otherwise authenticate such writings. | |
| **3.** | **Strathmann Decl. ¶ 9** | **Fed. R. Evid. 602, 802, 901(a)**: Speculation. Hearsay. Lack of Foundation. Lack of Authentication. Declarant does not have first-hand knowledge of the facts she is testifying to, which should properly be made by the tenants she is referencing. Declarant references statements from a previous declaration, which are inadmissible hearsay. | Sustained: ____ Overruled: ____ |
| **4.** | **Strathmann Decl. ¶¶ 11–14, 16–17** | **Fed. R. Evid. 602, 701, 802, 901(a), 1002**: Speculation. Improper Lay Opinion. Hearsay. Lack of Foundation. Lack of Authentication. Best Evidence Rule. Declarant provides only speculation as to potential outcomes. Declarant does not have first-hand knowledge of the facts she is testifying to. The statements submitted are argumentative, and | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-9-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | unduly prejudicial. Declarant has failed to attach and authenticate the writings she references. The writings should be attached as proof of their contents. | |

**DECLARATION OF GABRIEL B.**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Gabriel B. Decl. ¶ 10** ("On May 26, my landlord contacted my LA Tenants Union (LATU) representative to inquire about my rent. In response, my LATU representative reasserted my current rights under the City's protections.") | **Fed. R. Evid. 802**: Hearsay. Out of court statement offered to prove the truth of the matter asserted. | Sustained: ____ Overruled: ____ |
| **2.** | **Gabriel B. Decl. ¶ 13** ("Unfortunately my car brakes are not working and this is another expense that I have to take care of because otherwise I cannot work at all.") | **Fed. R. Evid. 401, 602, 901(a)**: Relevance. Lack of foundation. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **3.** | **Gabriel B. Decl. ¶ 15** ("I am not sure how long it would take for me to pay all of my rent debt back, but I estimate that it would be at least a | **Fed. R. Evid. 602**: Speculation. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-10-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | year and a half with steady work.”) | | |
|---|---|---|---|

**DECLARATION OF DANNY C.**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1. | **Danny C. Decl. ¶ 8** (“However, we are worried that our landlord will either refuse these funds from the City or receive them and try to charge us for that missed rent anyway. Our landlord has been retaliatory in the past when we have requested repairs made to our unit. Based on this experience, we believe that the landlord would rather see us accumulate debt than actually accept any funds to cover some of our rent. We are not sure that the landlord will even acknowledge getting any sort of payments if our paperwork is approved.”) | **Fed. R. Evid. 401, 602**: Relevance. Speculation. Whether the landlord was allegedly retaliatory in the past involving requested repairs has no relevance to the merits of this case. There has been no allegation that the landlord has been retaliatory to the declarant involving the rent owing in this case. The witness does not have firsthand knowledge of the fact he is testifying to and explicitly acknowledges this is entirely speculative. | Sustained: ____ Overruled: ____ |
| 2. | **Danny C. Decl. ¶ 9** (“If the eviction protections were to go away tomorrow, I am afraid I could be evicted for not paying rent.”) | **Fed. R. Evid. 602**: Speculation. The witness does not have firsthand knowledge of the fact he is testifying to and explicitly | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-11-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | acknowledges this is entirely speculative. | |
| **3.** | **Danny C. Decl. ¶ 10** | **<u>Fed. R. Evid. 802, 901(a), 1002</u>**: Inadmissible hearsay. Lack of Foundation. Lack of Authentication. Best Evidence. Out of court statement offered to prove the truth of the matter asserted. Declarant has failed to attach and authenticate the writings he references. Declarant fails to attach the writings he references, should the writings even exist. The document should be entered as proof of its contents. | Sustained: ____<br>Overruled: ____ |
| **4.** | **Danny C. Decl. ¶ 13** | **<u>Fed. R. Evid. 401, 403, 602, 701</u>**: Relevance. Unduly Prejudicial. Speculation. Improper Lay Opinion. Whether a landlord has allegedly "made tenancy difficult in the past" has no relevance to the merits of this case. Declarant is not alleging the landlord has made tenancy | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
*attorneys at law*

2943/036254-0001
15634533.2 a10/12/20

-12-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | difficult on account of non-payment of rent. The statements being introduced are highly prejudicial, and far outweigh any probative value. The witness does not have firsthand knowledge of the fact he is testifying to and explicitly acknowledges this is entirely speculative. | |
| **5.** | **Danny C. Decl. ¶ 15** | **Fed. R. Evid. 401, 403, 602, 701**: Relevance. Unduly Prejudicial. Speculation. Improper Lay Opinion. Whether the declarant has a large monthly health bill is not relevant to the merits of this case. The witness does not have firsthand knowledge of the fact he is testifying to and explicitly acknowledges this is entirely speculative (e.g., "People have lost their jobs and they may not have jobs to go back to."). The statements being introduced are highly prejudicial, which far outweighs any | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-13-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | probative value (e.g., "We still have the fear that our landlord will try to kick us out at any moment because they are motivated by profit above all and the system is confusing at best and stacked in their favor at worst.") | |

**DECLARATION OF DREW COOKSON**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Cookson Decl. ¶¶ 9–13, 15, 17** | **Fed. R. Evid. 802, 901(a), 1002**: Hearsay. Lack of Foundation. Lack of Authentication. Best Evidence. Out of court statement offered to prove the truth of the matter asserted. Declarant fails to attach and authenticate the writings he references, should the writings even exist. The document should be entered as proof of its contents. | Sustained: ____ Overruled: ____ |
| **2.** | **Cookson Decl. ¶ 14** | **Fed. R. Evid. 403, 602, 701, 802, 901(a), 1002**: Unduly Prejudicial. Speculation. Improper Lay Opinion. Hearsay. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-14-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | Lack of Foundation. Best Evidence. The statements being introduced are highly prejudicial, and far outweigh any probative value (e.g., "I felt very certain that my landlord was acting in bad faith." and "It seemed like he was trying to keep me on the hook for the full lease term by not making reasonable efforts to find a replacement tenant.") The witness does not have firsthand knowledge of the fact he is testifying to and explicitly acknowledges this is entirely speculative (e.g., "I felt very certain that my landlord was acting in bad faith." and "It seemed like he was trying to keep me on the hook for the full lease term by not making reasonable efforts to find a replacement tenant.") Declarant fails to attach and authenticate the writings he references, should the writings even exist. The document should | |

Rutan & Tucker, LLP
*attorneys at law*

2943/036254-0001
15634533.2 a10/12/20

-15-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | be entered as proof of its contents. | |

## DECLARATION OF FRANCISCO DUEÑAS

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1. | **Dueñas Decl. ¶ 5** ("The City's eviction and rent freeze ordinances have had a relatively small effect on our lease agreements with our tenants and the value of the property as a whole.") | **Fed R. Evid. 701, 702**: Improper Lay Opinion. Declarant's lay testimony is an opinion lacking technical or specialized knowledge as to property valuation. | Sustained: ____ Overruled: ____ |
| 2. | **Dueñas Decl. ¶ 7** ("Overall, the value of our property has not been impacted by the City's eviction and rent freeze ordinances.") | **Fed R. Evid. 403, 602 701, 702**: Hearsay. Speculation. Improper Lay Opinion. Declarant's lay testimony is an opinion lacking technical or specialized knowledge as to property valuation. This evidence is also speculative and lacks foundation because declarant cites to a reappraisal performed months ago as proof that property is worth more today. | Sustained: ____ Overruled: ____ |
| 3. | **Dueñas Decl. ¶ 7** ("In fact, we recently had our property reappraised as part of a refinance in | **Fed. R. Evid. 1002**: Best Evidence. Improper lay opinion. Irrelevant. Declarant | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-16-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | June 2020 and learned that the value had increased. According to the reappraisal, the property is valued at $690,000 as of June 15, 2020.") | fails to abide by the Best Evidence Rule by not producing the appraisal upon which the statement relies. | |
| **4.** | **Dueñas Decl. ¶ 8** ("The reappraisal looked at the rent for the units but didn't ask if our tenants were paying.") | **Fed R. Evid. 1002**: Best Evidence. Hearsay. Irrelevant. Declarant fails to abide by the Best Evidence Rule by not producing the appraisal upon which the statement relies. | Sustained: ____ Overruled: ____ |
| **5.** | **Dueñas Decl. ¶ 9** ("In my time as a landlord, I have never had to evict my tenants.") | **Fed R. Evid. 401, 402**: Relevance. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **6.** | **Dueñas Decl. ¶ 10** ("In comparison to existing laws I already have to comply with, including the City's Rent Stabilization Ordinance, the City's COVID-19 eviction and rent freeze ordinances have had very little incremental effect on the value of my property and my existing lease agreements.") | **Fed R. Evid. 403, 602, 701, 702**: Hearsay. Speculation. Improper Lay Opinion. Irrelevant. Declarant's lay testimony is an opinion lacking technical or specialized knowledge as to property valuation. This evidence is also speculative and lacks foundation because declarant cites no meaningful, reliable authority to establish that the COVID-19 | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-17-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | | restrictions have had little to no effect on property and lease values. | |
| **7.** | **Dueñas Decl. ¶ 11** ("The fact that I can't charge late fees or interest on late rent under the City's ordinances has had a minimal economic impact on me as well.") | **<u>Fed R. Evid. 401, 402</u>**: Relevance. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **8.** | **Dueñas Decl. ¶ 12** ("Our rental agreements don't allow pets, but we don't consider pet restrictions to be a material part of our lease agreements.") | **<u>Fed R. Evid. 401, 402</u>**: Relevance. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **9.** | **Dueñas Decl. ¶ 14** ("Even if our tenants were suddenly unable to pay rent due to COVID-19, we would still be able to cover the mortgage payment.") | **<u>Fed R. Evid. 401, 402</u>**: Relevance. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |

## <u>DECLARATION OF PEDRO M.</u>

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Pedro M. Decl. ¶ 10** ("I know my rights because I am a member of ACCE, so I sent a letter to my landlord at the beginning of the pandemic, saying that for the moment I do not | **<u>Fed. R. Evid. 1002</u>**: Best Evidence. Declarant fails to abide by the Best Evidence Rule by not producing the letter upon which the statement relies. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-18-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | have sufficient means to pay the rent due to COVID-19.") | | |
| **2.** | **Pedro M. Decl. ¶ 12** ("I need the protections of the City's eviction protections and rent freeze to remain stably housed. If the eviction protections were to go away tomorrow, I would not be able to repay what I owe and I am afraid I could be evicted.") | **Fed. R. Evid. 602**: Speculation. Declarant provides only speculation as to potential outcome. | Sustained: ____<br>Overruled: ____ |
| **3.** | **Pedro M. Decl. ¶ 13** ("If everything with the pandemic got better quickly, it would still take a lot of time – even years to pay back what I owe. But I know that life will not go back to normal in a matter of weeks after all this. Because of that, the additional time to repay my rent is essential for me.") | **Fed. R. Evid. 602, 701**: Speculation. Improper Lay Opinion. Declarant provides only speculation as to potential outcome. | Sustained: ____<br>Overruled: ____ |
| **4.** | **Pedro M. Decl. ¶ 14** ("At the beginning of the pandemic, the company that owns my building tried to make me sign a new contract. They asked me to sign a letter saying what I would pay and what would happen if I did not comply.") | **Fed. R. Evid. 401, 402, 802**: Hearsay. Relevance. The evidence submitted does not relate to the merits of the case and statements by landlord constitute hearsay. | Sustained: ____<br>Overruled: ____ |
| **5.** | **Pedro M. Decl. ¶ 15** ("If they want to evict me, I don't have anywhere to | **Fed. R. Evid. 401, 402, 403, 611**: Hearsay. Relevance. | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-19-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | go, and in this moment I need to fight for my rights. I do not want to think that I don't have any rights after more than 30 years living in my building and paying rent. The reality is that with all this going on, I have thought about returning to Guatemala. But then, when I think about my daughter, I know that her future is here in this country. Because of that, we need to stay, do what we can, and fight for our rights.") | Unduly Prejudicial. The evidence submitted does not relate to the merits of the case, is argumentative, and is unduly prejudicial. | |
| **6.** | **Pedro M. Decl. ¶ 16** ("If anyone is listening, I want institutions to respond to the rights and needs of tenants in this moment. We are not fighting just for ourselves, but for our children, and for our families.") | **Fed. R. Evid. 401, 402, 403, 611**: Hearsay. Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case, is argumentative, and is unduly prejudicial. | Sustained: ____ Overruled: ____ |

## DECLARATION OF PAOLA R.

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Paola R. Decl. ¶ 11** ("I need the protections of the City's eviction protections to remain stably housed. If the eviction protections were to go away tomorrow, I would not be able to | **Fed. R. Evid. 602**: Speculation. Declarant provides only speculation as to potential outcome. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-20-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | repay what I owe and I am afraid I could be evicted. I need the repayment period to be able to repay my back rent.”) | | |
| **2.** | **Paola R. Decl. ¶ 12** (“I have been notifying my landlord about my inability to pay rent by sending an email to the building manager each month.”). | **Fed. R. Evid. 1002**: Best Evidence. Declarant fails to abide by the Best Evidence Rule by not producing the emails sent. | Sustained: ____ Overruled: ____ |
| **3.** | **Paola R. Decl. ¶ 12** (“The first time I sent an email they replied to me by requesting that I sign a repayment plan. However, I did not sign it because it had all kinds of stipulations attached. For example, by signing the repayment plan I was agreeing to not miss any future payments. The repayment plan also stated that if I signed, I was basically stating that the landlord has never violated any parts of the lease.”) | **Fed R. Evid. 802, 1002**: Hearsay. Best Evidence. Declarant’s statements as to landlord’s response constitute hearsay. Declarant fails to abide by the Best Evidence Rule by not producing the proposed repayment plan agreement. | Sustained: ____ Overruled: ____ |
| **4.** | **Paola R. Decl. ¶ 13** (“Since the pandemic began, I have also noticed that there have been maintenance and safety concerns that my landlord is not | **Fed R. Evid. 401, 402**: Relevance. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-21-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF’S OBJECTIONS TO DEFENDANTS’ EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | addressing. For one thing, our mailboxes are not functioning properly and some of us have had mail stolen. The main entrance was also not working for several months and anyone could enter the premises. It was not until last month that they finally fixed it.”) | | |
| **5.** | **Paola R. Decl. ¶ 14** (“If I am evicted, I do not have anywhere that I can go. I do not have family near me so I would be forced to go into a shelter. This would also mean losing all of my personal belongings because I can’t afford to pay for storage. Losing my home would also mean losing the community that my daughter and I are a part of. This experience would be traumatizing for my daughter because she would not have stability. I’m not even sure that she could stay in school with all the people that she has come to know.”) | **Fed. R. Evid. 401, 402, 403, 602**: Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case, is speculative, and is unduly prejudicial and likely to inflame the passions of the jury. | Sustained: ____ Overruled: ____ |
| **6.** | **Paola R. Decl. ¶ 15** (“For me, housing is everything. When you | **Fed. R. Evid. 401, 402, 403, 602**: Relevance. Unduly | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-22-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF’S OBJECTIONS TO
DEFENDANTS’ EVIDENCE IN SUPPORT OF

| | take away a person's home they become dependent on the state. Having stable housing also means that we have an ability to have self-determination and provide for ourselves – when you take that away, people lose everything.") | Prejudicial. The evidence submitted does not relate to the merits of the case, is speculative, and is unduly prejudicial and likely to inflame the passions of the jury. | |
|---|---|---|---|

**DECLARATION OF SONIA R.**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1. | **Sonia R. Decl. ¶ 12** ("I need the protections of the City's eviction protections and rent freeze to remain stably housed. If the eviction protections were to go away tomorrow, I would not be able to repay what I owe and I am afraid I would be evicted. I need the repayment period to be able to repay my back rent. Even then, I am not confident I will be able to repay what I owe now within the repayment period.") | **Fed. R. Evid. 602**: Speculation. Declarant provides only speculation as to potential outcome. | Sustained: ____<br>Overruled: ____ |
| 2. | **Sonia R. Decl. ¶ 13** ("I sent my landlord a text message to notify him about my situation in early June.") | **Fed. R. Evid. 1002**: Best Evidence. Declarant fails to abide by the Best Evidence Rule by not producing the text message sent. | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-23-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| **3.** | **Sonia R. Decl. ¶ 14** ("I applied for the County's rental assistance program but they told me I was ineligible.") | **Fed R. Evid. 802**: Hearsay. Declarant's statement as to County's response constitutes hearsay. | Sustained: ____ Overruled: ____ |
| **4.** | **Sonia R. Decl. ¶ 15** ("On June 28, someone called to make an appointment with me regarding my tenancy. This person told me that she was in the process of buying the building and wanted me to sign some paperwork agreeing to move out in exchange for some money.") | **Fed R. Evid. 401, 402, 802**: Relevance. Hearsay. The evidence submitted does not relate to the merits of the case. Declarant's statements about the conversation constitute hearsay. | Sustained: ____ Overruled: ____ |
| **5.** | **Sonia R. Decl. ¶ 15** ("I have not heard from them since, but one of my neighbors told me that they are finalizing the sale soon.") | **Fed R. Evid. 401, 402, 802**: Relevance. Hearsay. The evidence submitted does not relate to the merits of the case. Declarant's neighbor's statements constitute hearsay. | Sustained: ____ Overruled: ____ |
| **6.** | **Sonia R. Decl. ¶ 17** ("If I am evicted, I will be left on the streets with all my children.") | **Fed. R. Evid. 403, 602**: Unduly Prejudicial. Speculation. Declarant provides only speculation as to potential outcome. Statement is unduly prejudicial and likely to inflame the passions of the jury. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-24-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

## DECLARATION OF SUSANA S.

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| **1.** | **Susana S. Decl. ¶ 11** ("When all of this began, I gave a letter to the secretary for my landlord saying that I could not pay the rent due to my lack of work as a result of COVID-19.") | **Fed. R. Evid. 1002**: Best Evidence. Declarant fails to abide by the Best Evidence Rule by not producing the letter sent. | Sustained: ____<br>Overruled: ____ |
| **2.** | **Susana S. Decl. ¶ 12** ("I need the protections of the City's eviction protections and rent freeze to remain stably housed. If the eviction protections were to go away tomorrow, I would not be able to repay what I owe, or any portion of what I owe moving forward, and I am afraid I could be evicted. I need the repayment period to be able to repay my back rent.") | **Fed. R. Evid. 602**: Speculation. Declarant provides only speculation as to potential outcome. | Sustained: ____<br>Overruled: ____ |
| **3.** | **Susana S. Decl. ¶ 13** ("If I am evicted, I do not know what I will do or what will happen to my grandson.") | **Fed. R. Evid. 403**: Unduly Prejudicial. Relevance. | Sustained: ____<br>Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-25-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

**DECLARATION OF EUGENIA T.**

| NO. | EVIDENCE | EVIDENTIARY OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1. | **Eugenia T. Decl. ¶ 8** ("I sent a letter informing the landlord of our inability to pay rent around March 15th. I have a copy of the letter that I sent informing him of this. I even paid $50 to a notary to verify the letter since I knew that we might have problems with the landlord about the nonpayment of rent.") | **Fed. R. Evid. 1002**: Best Evidence. Hearsay. Declarant fails to abide by the Best Evidence Rule by not producing the letter sent. | Sustained: ____ Overruled: ____ |
| 2. | **Eugenia T. Decl. ¶ 9** ("After my husband was laid off in March, the landlord became very aggressive and demanding, saying that he could not accept that we would not pay rent.") | **Fed R. Evid. 401, 402, 403, 802**: Relevance. Unduly Prejudicial. Hearsay. The evidence submitted does not relate to the merits of the case. Statement is also unduly prejudicial and likely to inflame the passions of the jury. Statements made by landlord are hearsay. | Sustained: ____ Overruled: ____ |
| 3. | **Eugenia T. Decl. ¶ 10** ("My landlord has threatened us with eviction if we don't pay the rent. He has told me that he will evict us. He has said that he will not give us access to the | **Fed R. Evid. 401, 402, 403, 802**: Relevance. Unduly Prejudicial. Hearsay. The evidence submitted does not relate to the merits of the case. Statement is also unduly prejudicial | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-26-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | apartment. He communicated this in person. He calls my husband and yells at him. He has said that he will call the police on us.") | and likely to inflame the passions of the jury. Statements made by landlord are hearsay. | |
| **4.** | **Eugenia T. Decl. ¶ 11** ("Our landlord never provided us with any notices about the protections for tenants in the City or County of Los Angeles.") | **Fed R. Evid. 401, 402, 403**: Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **5.** | **Eugenia T. Decl. ¶ 12** ("I had to borrow the money because the landlord threatened me and said if I did not pay rent he would kick me out.") | **Fed R. Evid. 401, 402, 403, 802**: Relevance. Unduly Prejudicial. Hearsay. The evidence submitted does not relate to the merits of the case. Statements made by landlord are hearsay. | Sustained: ____ Overruled: ____ |
| **6.** | **Eugenia T. Decl. ¶ 13** ("I feel like our landlord was putting us in a position where we had to choose between paying rent and eating. It was horrible.") | **Fed R. Evid. 401, 402, 403**: Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case. | Sustained: ____ Overruled: ____ |
| **7.** | **Eugenia T. Decl. ¶ 15** ("I notified the landlord that I was not going to pay the rent for August because we had been selected for the program, but then he started | **Fed R. Evid. 401, 402, 403, 802, 1002**: Relevance. Unduly Prejudicial. Hearsay. Best Evidence. The evidence submitted does not relate to the | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
attorneys at law

2943/036254-0001
15634533.2 a10/12/20

-27-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | calling me demanding to know when the City would pay the rent. I gave him written notice on July 25 that we were not going to pay rent for August because we were waiting to receive the assistance from the city for that month. However, he still would text me to ask where the rent was.") | merits of the case. Statement is also unduly prejudicial. Statements made by landlord are hearsay. Declarant fails to abide by the Best Evidence Rule by not producing written notice informing landlord of nonpayment, as well as the landlord's text message in response. | |
| **8.** | **Eugenia T. Decl. ¶ 16** ("The city told us that we needed to provide them additional documents in order to process our application, and we are still waiting to know whether we will receive the money.") | **Fed R. Evid. 802**: Hearsay. The City's response constitutes hearsay. Relevance. | Sustained: ____ Overruled: ____ |
| **9.** | **Eugenia T. Decl. ¶ 17** ("I need the protections of the City's eviction protections and rent freeze to remain stably housed.") | **Fed. R. Evid. 602**: Speculation. Declarant provides only speculation as to potential outcome. | Sustained: ____ Overruled: ____ |
| **10.** | **Eugenia T. Decl. ¶ 18** ("My landlord has tried to obtain rent payments from me various times even though we had given notice that we did not have the ability to pay in this moment. He brought me a new contract in April with | **Fed R. Evid. 401, 402, 403**: Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case. Statement is also unduly prejudicial. | Sustained: ____ Overruled: ____ |

Rutan & Tucker, LLP
*attorneys at law*

2943/036254-0001
15634533.2 a10/12/20

-28-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF

| | | | |
|---|---|---|---|
| | changes from the original and wanted to make me sign it, but I did not sign. He has tried several times again since April. He has tried to get me to sign about six times.") | | |
| **11.** | **Eugenia T. Decl. ¶ 19** ("The landlord also put cameras in front of my door to see everything that our family does. He has threatened to call the police, and made other very cruel threats. He has threatened that he will call immigration authorities. One time the landlord yelled at my daughter, who is 13 years old, when she picked up my phone. I told him that he cannot speak to us like that.") | **Fed R. Evid. 401, 402, 403, 802**: Relevance. Unduly Prejudicial. Hearsay. The evidence submitted does not relate to the merits of the case. Statements made by landlord are hearsay. | Sustained: ____ Overruled: ____ |
| **12.** | **Eugenia T. Decl. ¶ 20** ("My daughter told her counselor at school that she was scared the landlord was going to kick me out or call the authorities on me while she was at school. Because of her fears, they gave her a therapist at school.") | **Fed R. Evid. 401, 402, 403**: Relevance. Unduly Prejudicial. The evidence submitted does not relate to the merits of the case. Statement is also unduly prejudicial. | Sustained: ____ Overruled: ____ |
| **13.** | **Eugenia T. Decl. ¶ 21** ("If the landlord evicts | **Fed. R. Evid. 403, 602**: Unduly | Sustained: ____ |

| | | | |
|---|---|---|---|
| | us, we do not have anywhere to go. I have lived in this neighborhood for ten years. If I am evicted, I do not know what I will do. I ask that the City not remove the help for tenants right now because we are in a very frustrating situation. I feel very frustrated because I feel like I do not have any support. The first thing landlords tell you is that you are illegal, and you don't have papers. Our current landlord says this to my family because he feels more support than us. We deserve to feel safe and secure in our homes during this pandemic like everyone else.") | Prejudicial. Speculation. Declarant provides only speculation as to potential outcome. | Overruled: ____ |

Dated: October 12, 2020

RUTAN & TUCKER, LLP
DOUGLAS J. DENNINGTON
JOHN A. RAMIREZ
PETER J. HOWELL
KELSEY QUIST

By: /s/ Douglas J. Dennington
Douglas J. Dennington
Attorneys for Plaintiff
APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., dba "APARTMENT ASSOCIATION OF GREATER LOS ANGELES,"

Rutan & Tucker, LLP
*attorneys at law*

2943/036254-0001
15634533.2 a10/12/20

-30-

Case No. 2:20-cv-05193-DDP-JEM
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF